# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **HENRY BERNARDO et al.,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| v. | ) <br> )     **Civil Action No. 13-11827-DJC** |
| **JANET NAPOLITANO et al.,** | ) <br> ) |
| **Defendants.** | ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

### Introduction

Defendants, including Janet Napolitano, the Secretary of the U.S. Department of Homeland Security (the "Secretary"), have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), D. 19, alleging that this Court lacks subject matter jurisdiction to review the challenge of Plaintiffs to the revocation of Plaintiff Samuel Marino Freitas' work visa. Plaintiffs filed an opposition, D. 21, and the Court heard argument on December 3, 2014. D. 24.

### Discussion

As was undisputed by counsel at the hearing, this Court lacks subject matter jurisdiction over any discretionary decision of the Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii) (providing, in relevant part, that "no court shall have jurisdiction to review . . . any other decision or action of . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [her] discretion"). Congress has further provided that "[t]he Secretary of Homeland Security may, at any time, for what [s]he deems to be good and

1

sufficient cause, revoke the approval of any petition approved by [her] under section 1154 of this title." 8 U.S.C. § 1155.

Seven of eight Circuit Courts have ruled that the decision to revoke a visa is discretionary, although the First Circuit has yet to opine on the matter. Compare Mehanna v. U.S. Citizenship and Immigration Servs., 677 F.3d 312, 313 (6th Cir. 2012) (affirming dismissal and finding the plain language of § 1155 precludes judicial review); Green v. Napolitano, 627 F.3d 1341, 1345-46 (10th Cir. 2010) (affirming dismissal and holding the phrase "deems to be good and sufficient cause" is "synonymous with a specific grant of discretionary authority"); Abdelwahab v. Frazier, 578 F.3d 817, 821 (8th Cir. 2009) (agreeing with other circuits that the plain language of § 1155 precludes judicial review); Sands v. U.S. Dep't of Homeland Sec., 308 F. App'x 418, 419-20 (11th Cir. 2009) (affirming dismissal where "the action complained of is discretionary"); Ghanem v. Upchurch, 481 F.3d 222, 224 (5th Cir. 2007) (affirming dismissal because "when read in context and as a whole, the statute makes clear that Congress delegates to the Secretary the decision to determine what constitutes good and sufficient cause"); Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 204 (3d Cir. 2006) (affirming dismissal because, among other reasons, "[t]he phrase '*for what [the Secretary] deems* to be good and sufficient cause,' cannot be modified by judicial fiat to read the naked words, 'for good and sufficient cause'") (emphasis in original); El-Khader v. Monica, 366 F.3d 562, 567 (7th Cir. 2004) (affirming dismissal and holding "the discretionary nature of the decision is apparent from the plain language of the statute"); with ANA Int'l, Inc. v. Way, 393 F.3d 886, 894 (9th Cir. 2004) (reversing dismissal and determining that the decision to revoke a visa was reviewable in part because "'good and sufficient cause' refers to a meaningful standard that the Attorney General

may 'deem' applicable or inapplicable in a particular case, but which he does not manufacture anew in every new instance").

The Court is persuaded by the analysis of the vast majority of the Circuits and disagrees with Plaintiffs' contention that the analysis by these courts ignored the significance of the inclusion of the phrase "good and sufficient cause" in § 1155. For example, in Jilin, the Third Circuit explicitly considered the argument put forward in ANA that "good and sufficient cause" furnished a "meaningful legal standard" which meant the "right or power to revoke approval was not *entirely* within his judgment or conscience." Jilin, 447 F.3d at 201 (quoting ANA, 393 F.3d at 894) (emphasis in original). The Jilin court held that the plain language of the statute clear, noting that the word "may" in and of itself indicated discretion, and agreed with the characterization that "§ 1155 did not limit revocations to good and sufficient cause, but rather to circumstances in which the Attorney General *deems* there to be good and sufficient cause." Id. at 201, 204 (citing dissent in ANA) (emphasis in original). Moreover, the court in Jilin concluded that the phrase "for what [the secretary] deems to be good and sufficient cause" was "arguably so subjective as to provide no meaningful legal standard." Id. at 204 (observing that "[i]t is absurd to think that Congress intended the courts to conduct such an invasive inquiry into the Secretary's subjective thought process at the time of revocation"). Similarly, the Fifth Circuit in Ghanem considered ANA and disagreed with the Ninth Circuit's analysis, explaining that the "only language that indicates that the discretion could be limited is the 'good and sufficient cause phrase,'" but that the phrase "for what he deems," "vest[ed] complete discretion in the Secretary to determine what constitutes good and sufficient cause." Ghanem, 481 F.3d at 224.

Moreover, the Third Circuit in Jilin considered the argument, that the Plaintiffs press here, that the Secretary could "approve a petition it did not like on Monday, then revoke it on

3

Tuesday and be fully insulated from judicial review, whereas, had [she] denied it on Monday, that denial would have been reviewable." Jilin, 447 F.3d at 205 n.11. Despite this asymmetry, the Third Circuit concluded that this was the legislative system that Congress created and "there is ample reason to believe that Congress could have intended to bolster the discretion of the Secretary of Homeland Security to revoke approval of petitions, even if it did so in a strange or roundabout way." Id. The court further relied upon the Supreme Court's guidance that § 1252 is "aimed at protecting the Executive's discretion from the courts—indeed, that can fairly be said to be the theme of the legislation," Reno v. Am.-Arab Anti–Discrimination Comm., 525 U.S. 471, 486 (1999), and Congress' removal of certain notice requirements under § 1155 that represented an expansion of administrative discretion. Id.

The division of the Circuits is reflected in this district. Compare De Souza v. Napolitano, No. 12-10197-NMG, 2014 WL 6682650, at *4 (D. Mass. Nov. 26, 2014) (Gorton, J.) (concluding that the Court lacked subject matter jurisdiction to review a revocation); Magalhaes v. Napolitano, 941 F. Supp. 2d 150, 152-53 (D. Mass. 2013) (Gorton, J.) (holding the court lacked jurisdiction to review a visa revocation because the court concluded that the First Circuit would adopt the majority approach that the plain language of § 1155 renders the Secretary's decision purely discretionary) with Betancur v. Roark, No. 10-11131-NG, slip op. at 3 (D. Mass. Aug. 19, 2011) (Gertner, J.) (citing ANA and holding that the court had jurisdiction to review a visa revocation decision because while "the language suggests discretion" it also "provides a legal standard ('good and sufficient cause') that may be—and has been—interpreted by the courts"). Another court in this district "conclude[d] that the arguments that section 1155 commits the revocation decision to the discretion of the agency are more persuasive[,]" but declined to dismiss the claim because of the split in authority and because the issue presented "a

4

close question." The court then determined the case on the merits. Patel v. Johnson, 2 F. Supp. 3d 108, 118-19 (D. Mass. 2014) (Young, J.).

While it is true that section 1252(a)(2)(B)(ii) "does not establish an absolute bar on jurisdiction, but instead, conditions jurisdiction on the specific grant of discretion in the authorizing language," M.D. Mgmt. Co., LLC v. U.S. Dep't of Homeland Sec., Citizenship & Immigration Serv., No. 04-10499-RWZ, 2005 WL 91307, at *1 (D. Mass. Jan. 18, 2005) (citing El-Khader, 366 F.3d at 567), the Court agrees with the majority view that the language of the statute is plain. Though Plaintiffs urge the Court to rely on ANA and Betancur for the conclusion that the Court has jurisdiction to review the Secretary's revocation of the visa, D. 21 at 3, the Court cannot agree. The words "may, at any time, for what [s]he deems" immediately preceding "good and sufficient cause" grant discretionary decision-making authority to the Secretary. Absent contrary guidance from the First Circuit, this Court will follow the majority of the Circuit Courts in concluding that the plain language of § 1155 rests discretion with the Secretary and, accordingly, the Court lacks subject matter jurisdiction over this matter.[1]

## Conclusion

For aforementioned reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction, D. 19, is ALLOWED.

**So ordered.**

December 8, 2014                /s Denise J. Casper
                                United States District Judge

---

[1] To extent that Plaintiffs, alternatively, were urging the Court to put aside the jurisdictional issue as a close question and reach the merits of Plaintiffs' claim, see Patel, 2 F. Supp. 3d at 127 (citing Seale v. Immigration and Naturalization Serv., 323 F.3d 150, 157 (1st Cir. 2003)), the Court need not reach this issue in light of its ruling on the jurisdictional matter.

5